UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN SOLAK and DENNIS O'ROURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT, INC., a Delaware corporation,<br><br>Defendant. | § § § § § § § § § § § § | CASE NO. _____<br><br>CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1.     Home Depot is the world's largest home improvement retailer with annual revenue of approximately $75 billion.  Beginning in approximately late April or early May of 2013, and continuing until the present time, unidentified assailants penetrated Home Depot's computer network; the breach likely incudes the point-of-sale network that processes credit card and bank debit card transactions for most, if not all, Home Depot retail stores in the United States. Unfortunately, the assailants compromised personal and/or financial information

for hundreds of thousands, if not millions of individuals in the attack, potentially making it one of largest data breaches in the history of the world.

## PARTIES

2.     Plaintiff John Solak is an individual residing in Broome County, New York.

3.     Plaintiff Dennis O'Rourke is an individual residing in Philadelphia County, Pennsylvania.

4.     Defendant The Home Depot, Inc. is a Delaware corporation, headquartered in Atlanta, Georgia.  Home Depot is the world's largest home improvement retailer with more than 1500 stores across North America.

## JURISDICTION AND VENUE

5.     This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiffs and Defendant are citizens of different states, the amount in controversy exceeds $5,000,000.00, and there are more than 100 putative class members.

6.     This Court has personal jurisdiction over Home Depot because the company maintains its principal place of business in Georgia, regularly conducts business in Georgia, and has sufficient minimum contacts in Georgia.  Home

Depot intentionally avails itself of this jurisdiction by marketing and selling products from Georgia to millions of consumers nationwide, including in Georgia.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

8.     According to the National Retail Federation, Home Depot is the fifth largest retailer in the United States behind Walmart, Kroger, Costco, and Target.[1] Home Depot sells merchandise to millions of consumers in the United States.

9.     When consumers make purchases at Home Depot retail stores using credit or debit cards, Home Depot collects information related to that card including the card holder name, the account number, expiration date, card verification value (CVV), and PIN for debit cards.  Home Depot stores this information in its point-of-sale system and transmits this information to a third party for completion of the payment.  Home Depot also collects and stores customer names, mailing addresses, phone numbers, and email addresses.

---

[1] https://nrf.com/2014/top100-table

10.    While Home Depot's collection of customer information may itself be legal, by collecting and storing such extensive and detailed customer information, Home Depot creates an obligation for itself to use every means available to it to protect this information from falling into the hands of identity thieves and other criminals.

11.    In approximately late April or early May, 2014, computer hackers gained access to Home Depot's data network.  Between approximately late April or early May, 2014 and the present, personal and/or financial information of hundreds of thousands, if not millions of consumers stored by Home Depot has been compromised.

12.    On September 2, 2014, the first public report of Home Depot's data breach was made – not by Home Depot itself, but by computer security blogger Brian Krebs.[2]

13.    The personal and financial information of consumers, including Consumer Plaintiff and Class members, is valuable.

14.    The FTC warns consumers to pay particular attention to how they keep personally identifying information: Social Security numbers, credit card or

---

[2] http://krebsonsecurity.com/2014/09/banks-credit-card-breach-at-home-depot/

financial information, and other sensitive data.  As the FTC notes, "[t]hat's what thieves use most often to commit fraud or identity theft."

15.    The information stolen from Home Depot, including Plaintiffs' and Class members' financial and personal information, is extremely valuable to thieves.  As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

16.    Personal and financial information such as that stolen in the Home Depot data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data.  Otherwise, they would not pay for or maintain it, or aggressively seek it.  Criminals seek personal and financial information of consumers because they can use biographical data to perpetuate more and larger thefts.

17.    The thieves use the credit card information to create fake credit cards that can be swiped and used to make purchases as if they were the real credit cards. Additionally, the thieves could reproduce stolen debit cards and use them to withdraw cash from ATMs.

18.    The ramifications of Home Depot's failure to keep Plaintiffs' and Class Members' personal and financial information secure are severe.  Identity

theft occurs when someone uses another's personal and financial information such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.

19.    Identity thieves can use personal information such as that pertaining to Plaintiffs and the Class, which Home Depot failed to keep secure, to perpetuate a variety of crimes that harm the victims.  For instance, identity thieves may commit various types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.  The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected.

## PLAINTIFFS' FACTUAL ALLEGATIONS

20.    On August 13, 2014, Plaintiff John Solak's Chase Visa Slate credit card was swiped at a point-of-sale terminal while he made a purchase at the Home Depot store located at 798 Main Street, Johnson City, New York, 13790.  Plaintiff Solak believed Home Depot would maintain the personal and financial information contained on his credit card in a reasonably secure manner and provided his credit card to Home Depot on that basis.  Had Plaintiff Solak known that Home Depot

would not maintain his information in a reasonably secure manner, he would not have allowed his credit card to be swiped at Home Depot's point-of-sale terminal.

21.     Plaintiff Solak's personal information associated with his credit card was compromised in and as a result of the Home Depot data breach.  Plaintiff Solak was harmed by having his financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

22.     On August 27, 2014, Plaintiff Dennis O'Rourke's USAA debit card was swiped at a point-of-sale terminal while he made a purchase at the Home Depot store located at 1336 Bristol Pike, Bensalem, Pennsylvania, 19020.  Plaintiff O'Rourke believed Home Depot would maintain the personal and financial information contained on his debit card in a reasonably secure manner and provided his debit card to Home Depot on that basis.  Had Plaintiff O'Rourke known that Home Depot would not maintain his information in a reasonably secure manner, he would not have allowed his debit card to be swiped at Home Depot's point-of-sale terminal.

23.    On or about September 2, 2014, Plaintiff O'Rourke's debit card account information was unlawfully used to make a fraudulent purchase in an amount of $49.95.  Further, Plaintiff O'Rourke's personal information associated with his debit card was compromised in and as a result of the Home Depot data breach.   Plaintiff O'Rourke was harmed by having his financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

## CLASS ACTION ALLEGATIONS

24.    Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring their claims that Home Depot violated state data breach statutes (Count I) on behalf of separate statewide classes in and under the respective data breach statutes of the States of Alaska, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin and Wyoming, and the District of Columbia. These classes are defined as follows:

**Statewide Data Breach Statute Classes:**

All residents of [name of State or District of Columbia] whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first publicly reported on September 2, 2014.

25.    Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring separate claims for negligence (Count II), breach of implied contract (Count III), bailment Count (IV) and unjust enrichment (Count V) on behalf of the respective statewide classes in and under the laws of each respective State of the United States and the District of Columbia as set forth in Counts II, III, IV, and V.  These classes for each of the foregoing claims are defined as follows:

**Statewide [Negligence, Breach of Implied Contract, Bailment or Unjust Enrichment] Class:**

All residents of [name of State or District of Columbia] whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first publicly reported on September 2, 2014.

26.    Excluded from each of the above Classes are The Home Depot, Inc., including any entity in which Home Depot has a controlling interest, is a parent or subsidiary, or which is controlled by Home Depot, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of

Home Depot.  Also excluded are the judges and court personnel in this case and any members of their immediate families.

27.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class wide basis using the same exclusive and common evidence as would be used to prove those elements in individual actions alleging the same claims.

28.    All members of the purposed Classes are readily ascertainable.  Home Depot has access to addresses and other contact information for millions of members of the Classes, which can be used for providing notice to many Class members.

29.    Numerosity.  Plaintiffs do not know the exact number of Class members but believe that the Class comprises hundreds of thousands if not millions of consumers throughout these United States.  As such, Class members are so numerous that joinder of all members is impracticable.

30.    Commonality and predominance.  Well-defined, nearly identical legal or factual questions affect all Class members.  These questions predominate over questions that might affect individual Class members.  These common questions include, but are not limited to, the following:

a.      Whether there was an unauthorized disclosure by Defendant of Class members' personal and/or financial information;

b.      Whether Defendant enabled an unauthorized disclosure of Class members' personal and/or financial information;

c.      Whether Defendant misrepresented the safety and security of Class members' personal and/or financial information maintained by Defendant;

d.      Whether Defendant implemented and maintained reasonable procedures and practices appropriate for maintaining the safety and security of Class members' personal and/or financial information;

e.      When Defendant became aware of an unauthorized disclosure of Class members' personal and/or financial information;

f.      Whether Defendant unreasonably delayed notifying Class members of an unauthorized disclosure of Class members' personal and/or financial information;

g.      Weather Defendant intentionally delayed notifying Class members of an unauthorized disclosure of Class members' personal and/or financial information;

h.      Whether Defendant's conduct was negligent;

i.     Whether Defendant's conduct was deceptive;

j.     Whether Defendant's conduct was knowing, willful, intentional, and/or malicious;

k.     Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

31.     Typicality.  Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Class members were injured through Home Depot's misconduct described above and assert the same claims for relief.  The same events and conduct that give rise to Plaintiffs' claims are identical to those that give rise to the claims of every other Class member because each Plaintiff and Class member is a person that has suffered harm as a direct result of the same conduct (and omissions of material facts) engaged in by Home Depot and resulting in the Home Depot data breach.

32.     Adequacy.   Plaintiffs will fairly and adequately protect Class members' interests. Plaintiffs have no interests antagonistic to Class members' interests, and Plaintiffs have retained counsel that has considerable experience and success in prosecuting complex class action and consumer protection cases.

33.     Superiority.  A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the Class

members.  Plaintiffs and the Class members have been harmed by Home Depot's wrongful actions and inaction.  Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Home Depot's wrongful actions and inaction.

34.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  There is no special interest in the members of the Class individually controlling the prosecution of separate actions.  The loss of money and other harm sustained by many individual Class members will not be large enough to justify individual actions, especially in proportion to the significant costs and expenses necessary to prosecute this action.  The expense and burden of individual litigation makes it impossible for many members of the Class individually to address the wrongs done to them.  Class treatment will permit the adjudication of claims of Class members who could not afford individually to litigate their claims against Home Depot.  Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single form simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and

efficient adjudication of this controversy.   Furthermore, Home Depot transacts substantial business in and perpetuated its unlawful conduct from Georgia.   Home Depot will not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

35.   Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3).   The above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.   Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Home Depot has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

37.   The expense and burden of litigation will substantially impair the ability of Plaintiffs and Class members to pursue individual lawsuits to vindicate their rights.   Absent a class action, Home Depot will retain the benefits of its wrongdoing despite its serious violations of the law.

## COUNT I
## VIOLATIONS OF STATE DATA BREACH STATUTES
### (On behalf of Plaintiffs and the separate statewide data breach statute classes.)

14

38.     Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

39.     Legislatures in the states and jurisdictions listed below have enacted data breach statutes.  These statutes generally require that any person or business conducting business within the state that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

40.     The Home Depot data breach constitutes a breach of the security system of Home Depot within the meaning of the below state data breach statutes and the data breached is protected and covered by the below data breach statutes.

41.     Plaintiffs' and Class members' names, credit and debit card numbers, card expiration dates, CVVs addresses, phone numbers and email addresses constitute personal information under and subject to the below state data breach statutes.

42.     Home Depot unreasonably delayed in informing the public, including Plaintiffs and members of the statewide Data Breach Statute Classes ("Class," as used in this Count I), about the breach of security of Plaintiffs' and Class

members' confidential and non-public personal information after Home Depot knew or should have known that the data breach had occurred.

43.    Home Depot failed to disclose to Plaintiffs and Class members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiffs' and Class members' personal and financial information when Home Depot knew or reasonably believed such information had been compromised.

44.    Plaintiffs and members of the Class suffered harm directly resulting from Home Depot's failure to provide and the delay in providing Plaintiffs and Class members with timely and accurate notice as required by the below state data breach statutes.  Plaintiffs suffered the damages alleged above as a direct result of Home Depot's delay in providing timely and accurate notice of the data breach.

45.    Had Home Depot provided timely and accurate notice of the Home Depot data breach, Plaintiffs and Class members would have been able to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting in the unreasonable delay by Home Depot in providing notice.  Plaintiffs and Class members could have avoided making credit or debit card purchases at Home Depot stores, could have avoided shopping at Home Depot stores at all, and could have

contacted their banks to cancel their cards, or could otherwise have tried to avoid the harm caused by Home Depot's delay in providing timely and accurate notice.

46.     Home Depot's failure to provide timely and accurate notice of the Home Depot data breach violated the following state data breach statutes:

    a.  Alaska Stat. Ann. § 45.48.010(a), et seq.;

    b.  Ark. Code Ann. § 4-110-105(a), et seq.;

    c.  Cal. Civ. Code § 1798.83(a), et seq.;

    d.  Colo. Rev. Stat. Ann § 6-1-716(2), et seq.;

    e.  Conn. Gen. Stat. Ann. § 36a-701b(b), et seq.;

    f.  Del. Code Ann. Tit. 6 § 12B-102(a), et seq.;

    g.  D.C. Code § 28-3852(a), et seq.;

    h.  Fla. Stat. Ann. § 501.171(4), et seq.;

    i.  Ga. Code Ann. § 10-1-912(a), et seq.;

    j.  Haw. Rev. Stat. § 487N-2(a), et seq.;

    k.  Idaho Code Ann. § 28-51-105(1), et seq.;

    l.  Ill. Comp. Stat. Ann. 530/10(a), et seq.;

    m. Iowa Code Ann. § 715C.2(1), et seq.;

    n.  Kan. Stat. Ann. § 50-7a02(a), et seq.;

    o.  Ky. Rev. Stat. Ann. § 365.732(2), et seq.;

p.  La. Rev. Stat. Ann. § 51:3074(A), et seq.;

q.  Md. Code Ann., Commercial Law § 14-3504(b), et seq.;

r.  Mass. Gen. Laws Ann. Ch. 93H § 3(a), et seq.;

s.  Mich. Comp. Laws Ann. § 445.72(1), et seq.;

t.  Minn. Stat. Ann. § 325E.61(1)(a), et seq.;

u.  Mont. Code Ann. § 30-14-1704(1), et seq.;

v.  Neb. Rev. Stat. Ann. § 87-803(1), et seq.;

w.  Nev. Rev. Stat. Ann. § 603A.220(1), et seq.;

x.  N.H. Rev. Stat. Ann. § 359-C:20(1)(a), et seq.;

y.  N.J. Stat. Ann. § 56:8-163(a), et seq.;

z.  N.C. Gen. Stat. Ann. § 75-65(a), et seq.;

aa. N.D. Cent. Code Ann. § 51-30-02, et seq.;

bb. Okla. Stat. Ann. Tit. 24 § 163(A), et seq.;

cc. Or. Rev. Stat. Ann. § 646A.604(1), et seq.;

dd. R.I. Gen. Laws Ann. § 11-49.2-3(a), et seq.;

ee. S.C. Code Ann. § 39-1-90(A), et seq.;

ff.  Tenn. Code Ann. § 47-18-2107(b), et seq.;

gg. Tex. Bus. & Com. Code Ann. § 521.053(b), et seq.;

hh. Utah Code Ann. § 13-44-202(1), et seq.;

ii.  Va. Code. Ann. § 18.2-186.6(B), et seq.;

jj.  Wash. Rev. Code Ann. § 19.255.010(1), et seq.;

kk. Wis. Stat. Ann. § 134.98(2), et seq.; and

ll.  Wyo. Stat. Ann. § 40-12-502(a), et seq.

47.   Plaintiffs and members of each of the statewide Data Breach Statute Classes seek all remedies available under their respective state data breach statutes, including but not limited to a) damages suffered by Plaintiffs and Class members as alleged above, b) equitable relief, including injunctive relief, and c) reasonable attorney fees and costs, as provided by law.

## COUNT II
## NEGLIGENCE
**(On behalf of Plaintiffs and the separate statewide negligence classes.)**

48.   Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

49.   Home Depot came into possession, custody, and/or control of personal and/or financial information of Plaintiffs and Class members.

50.   Home Depot owed a duty to Plaintiffs and members of the statewide Negligence Classes ("Class" as used in this Count II) to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiffs and Class members in its possession, custody, and/or control.

51.    Home Depot had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiffs' and Class members' personal and/or financial information in its possession, custody, and/or control.

52.    Home Depot had a duty to exercise reasonable care in timely notifying Plaintiffs and Class members of an unauthorized disclosure of Plaintiffs' and Class members' personal and/or financial information in its possession, custody, and/or control.

53.    Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiffs and Class members in its possession, custody, and/or control.

54.    Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiffs' and Class members' personal and/or financial information in its possession, custody, and/or control.

55.    Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in timely notifying Plaintiffs and Class members of an unauthorized disclosure of Plaintiffs' and Class members' personal and/or financial information in its possession, custody, and/or control.

56.    Home Depot's negligent and wrongful breach of duties it owed to Plaintiffs and Class members proximately caused an unauthorized disclosure of Plaintiffs' and Class members' personal and/or financial information in its possession, custody, and/or control.

57.    As a direct and proximate result of Home Depot's negligent conduct, Plaintiffs and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT III
## BREACH OF IMPLIED CONTRACT
**(On behalf of Plaintiffs and the separate statewide breach of implied contract classes.)**

58.    Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

59.    When Plaintiffs and members of the Breach of Implied Contract Classes ("Class" as used in this Count III) provided their financial and personal information to Home Depot in order to make purchases at Home Depot stores,

Plaintiffs and members of the Class entered into implied contracts with Home Depot pursuant to which Home Depot agreed to safeguard and protect such information and to timely and accurately notify Plaintiffs and Class members that their data had been breached and compromised.

60.     Home Depot solicited and invited Plaintiffs and members of the Class to purchase products at Home Depot stores using their credit or debit cards. Plaintiffs and members of the Class accepted Home Depot's offers and used their credit or debit cards to purchase products at Home Depot stores during the period of the Home Depot data breach.

61.     Each purchase made at a Home Depot store by Plaintiffs and members of the Class using their credit or debit card was made pursuant to the mutually agreed upon implied contract with Home Depot under which Home Depot agreed to safeguard and protect Plaintiffs' and Class members' personal and financial information, including all information contained in the magnetic stripe of Plaintiffs' and Class members' credit or debit cards, and to timely and accurately notify them that such information was compromised and breached.

62.     Plaintiffs and Class members would not have provided and entrusted their financial and personal information, including all information contained in the magnetic stripes of their credit and debit cards, to Home Depot in order to purchase

products at Home Depot stores in the absence of the implied contract between them and Home Depot.

63.     Plaintiffs and members of the Class fully performed their obligations under the implied contracts with Home Depot.

64.     Home Depot breached the implied contracts it made with Plaintiffs and Class members by failing to safeguard and protect the personal and financial information of Plaintiffs and members of the Class and by failing to provide timely and accurate notice to them that their personal and financial information was compromised in and as a result of Home Depot data breach.

65.     The losses and damages sustained by Plaintiffs and Class members as described herein were the direct and proximate result of Home Depot's breaches of the implied contracts between Home Depot and Plaintiffs and members of the Class.

66.     Wherefore, Plaintiffs pray for relief as set forth below.

## COUNT IV
## BAILMENT
### (On behalf of Plaintiffs and the separate statewide bailment classes.)

67.     Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

68.     Plaintiffs and members of the separate statewide Bailment Classes ("Class" as used in this Count IV) delivered their personal and financial information, including the information contained on the magnetic stripes of their credit or debit cards, to Home Depot for the exclusive purpose of making purchases from Home Depot at Home Depot stores.

69.     In delivering their personal and financial information to Home Depot, Plaintiffs and Class members intended and understood that Home Depot would adequately safeguard their personal and financial information.

70.     Home Depot accepted possession of Plaintiffs' and Class members' personal and financial information for the purpose of accepting payment for goods purchased by Plaintiffs and members of the Class at Home Depot stores.

71.     By accepting possession of Plaintiffs' and Class members' personal and financial information, Home Depot understood that Plaintiffs and Class members expected Home Depot to adequately safeguard their personal and financial information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

72.     During the bailment (or deposit), Home Depot owed a duty to Plaintiffs and Class members to exercise reasonable care, diligence and prudence in protecting their personal and financial information.

73.     Home Depot breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiffs' and Class members' personal and financial information, resulting in the unlawful and unauthorized access to and misuse of Plaintiffs' and Class members' personal and financial information.

74.     Home Depot further breached its duty to safeguard Plaintiffs' and Class members' personal and financial information by failing to timely and accurately notify them that their information had been compromised as a result of the Home Depot data breach.

75.     Home Depot failed to return, purge or delete the personal and financial information of Plaintiffs and members of the Class at the conclusion of the bailment (or deposit) and within the time limits allowed by law.

76.     As a direct and proximate result of Home Depot's breach of its duty, Plaintiffs and Class members suffered consequential damages that were reasonably foreseeable to Home Depot, including but not limited to the damages set forth above.

77.     As a direct and proximate result of Home Depot's breach of its duty, the personal and financial information of Plaintiffs and Class members entrusted to Home Depot during the bailment (or deposit) was damaged and its value diminished.

78.     Wherefore, Plaintiffs pray for relief as set forth below.

## COUNT V
## UNJUST ENRICHMENT
**(On behalf of Plaintiffs and the separate statewide unjust enrichment classes.)**

79.     Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

80.     Plaintiffs and members of the separate statewide Unjust Enrichment Classes ("Class" as used in this Count V) conferred a monetary benefit on Home Depot in the form of monies paid for the purchase of goods from Home Depot during the period of the Home Depot data breach.

81.     Home Depot appreciates or has knowledge of the benefits conferred directly upon it by Plaintiffs and members of the Class.

82.     The monies paid for the purchase of goods by Plaintiffs and members of the Class to Home Depot during the period of the Home Depot data breach were supposed to be used by Home Depot, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiffs and members of the Class.

83.     Home Depot failed to provide reasonable security, safeguards and protection to the personal and financial information of Plaintiffs and Class members and as a result, Plaintiffs and Class members overpaid Home Depot for

the goods purchased through use of their credit and debit cards during the period of the Home Depot data breach.

84. Under principles of equity and good conscience, Home Depot should not be permitted to retain the money belonging to Plaintiffs and members of the Class, because Home Depot failed to provide adequate safeguards and security measures to protect Plaintiffs' and Class members' personal and financial information that they paid for but did not receive.

85. As a result of Home Depot's conduct as set forth in this Complaint, Plaintiffs and members of the Class suffered damages and losses as stated above, including monies paid for Home Depot products that Plaintiffs and Class members would not have purchased had Home Depot disclosed the material fact that it lacked adequate measures to safeguard customers' data and had Home Depot provided timely and accurate notice of the data breach, and including the difference between the price they paid for Home Depot's goods as promised and the actual diminished value of its goods and services.

86. Plaintiffs and the Class have conferred directly upon Home Depot an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiffs and the Class.

87.    The economic benefit, including the monies paid and the overcharges and profits derived by Home Depot and paid by Plaintiffs and members of the Class, is a direct and proximate result of Home Depot's unlawful practices as set forth in this Complaint.

88.    The financial benefits derived by Home Depot rightfully belong to Plaintiffs and members of the Class.

89.    It would be inequitable under established unjust enrichment principles in the District of Columbia and all of the 50 states for Home Depot to be permitted to retain any of the financial benefits, monies, profits and overcharges derived from Home Depot's unlawful conduct as set forth in this Complaint.

90.    Home Depot should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by Home Depot.

91.    A constructive trust should be imposed upon all unlawful or inequitable sums received by Home Depot traceable to Plaintiffs and the Class.

92.    Plaintiffs and the Class have no adequate remedy at law.

93.    Wherefore, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

A.      On behalf of themselves and the Classes set forth above, Plaintiffs request the Court order relief and enter judgment against Defendant and enter an order:

B.      certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be Class representatives and their undersigned counsel to be Class counsel;

C.      requiring Defendant to make whole any losses suffered by Plaintiffs and Class members;

D.      enjoining Defendant from further engaging in the unlawful conduct complained of herein;

E.      awarding Plaintiffs and the Classes appropriate relief, including actual and statutory damages, restitution and disgorgement;

F.      awarding pre-judgment and post-judgment interest;

G.      requiring Defendant to pay for notifying the Class of the pendency of this action;

H.      establishing a fluid recovery fund for distribution of unclaimed funds;

I.      requiring Defendant to pay Plaintiffs and Class members reasonable attorneys' fees, expenses, and the costs of this action; and

J.      providing all other and further relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 4, 2014                 Respectfully submitted,

                                         /s/ James M. Evangelista
                                         James M. Evangelista
                                         Georgia Bar No. 707807
                                         Jeffrey R. Harris
                                         Georgia Bar No. 330315
                                         Darren W. Penn
                                         Georgia Bar No. 571322
                                         HARRIS PENN LOWRY LLP
                                         400 Colony Square, Suite 900
                                         1201 Peachtree Street, NE
                                         Atlanta, GA 30361
                                         404.961.7650 (*telephone*)
                                         404.961-7651 (*facsimile*)
                                         jim@hpllegal.com
                                         jeff@hpllegal.com
                                         darren@hpllegal.com

                                         and

                                         William B. Federman
                                         Oklahoma Bar No. 2853

Amy H. Wellington
Oklahoma Bar No. 9467
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
405.235.1560 (*telephone*)
405.239.2112 (*facsimile*)
wbf@federmanlaw.com
ahw@federmanlaw.com
www.federmanlaw.com

and

Cornelius P. Dukelow
Oklahoma Bar No. 19086
ABINGTON COLE
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

*Counsel to Plaintiffs*

Attorney Lien Requested